UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONALD J. PERMODA,

      Plaintiff,

v.                                                                                            Case No. 1:06-cv-334

MARY E. PETERS,                                                            HON. GORDON J. QUIST
Secretary of the Department of Transportation

      Defendant.
_____/


**OPINION**

      Plaintiff, Donald Permoda, filed an age discrimination claim against Mary Peters, Secretary

of the Department of Transportation, alleging a hostile work environment and retaliation.  Defendant

has filed a motion for summary judgment arguing: (1) that Permoda inadequately exhausted his

administrative remedies by failing to contact an EEO counselor within 45 days of the discriminatory

acts; and (2) that the government has not waived its sovereign immunity for retaliation claims under

the ADEA.  For the reasons set forth below, the Court will grant Defendant's motion for summary

judgment.

**Facts**

      Permoda worked as an Air Traffic Control Specialist in the Muskegon Tower in Michigan

from February 2002 until September 2004.  During the entirety of Permoda's tenure at the Muskegon

Tower, there were two postings pertaining to EEO procedures in areas easily accessible to Permoda

– one on a bulletin board in the employee breakroom and a second posting next to the stairway on

the fifth floor.  (Mott Decl. ¶ 2, Def.'s Br. Supp. Att. 2.)   Permoda alleges that during his

employment in the Muskegon Tower, he experienced discrimination on account of his age.  Permoda

complains of retaliation and a hostile work environment based on inadequate training and harassment

According to Permoda, all the discriminatory acts occurred between February 2002 and September

2004.  (Compl. at 3.)  On April 1, 2005, Permoda contacted an EEO counselor concerning his

discriminatory treatment. (Mem. from EEO Counselor to EEO Complaints Manager of May 6, 2005,

Def.'s Br. Supp. Ex. A.)  On May 31, 2005, Permoda filed two EEO complaints.  On June 27, 2005,

the Department of Transportation, Departmental Office of Civil Rights, dismissed Permoda's claim

for failing to comply with the applicable time limits established by the Equal Employment

Opportunity Commission (EEOC) in regulation 29 C.F.R. § 1614.105 (requiring contact with an

EEO counselor within forty-five (45) days of the discriminatory act.)

Permoda appealed the decision to the EEOC, and the EEOC affirmed the dismissal for failing

to contact a counselor within the applicable time period.  Further, the EEOC denied Permoda's

request for reconsideration.  Permoda then filed suit in this Court on May 16, 2006, and the Court

now has before it Defendant's motion for summary judgment.

## Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the

moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56.  Material facts are facts

which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).  A dispute is genuine if a reasonable jury

could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may

grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## Analysis

Under the Age Discrimination in Employment Act (ADEA), federal governmental employees are treated differently than private employees. 29 U.S.C. § 633a. According to the Supreme Court, the ADEA provides two options for a complainant:

> An individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his remedies. *See* 29 U.S.C. § 633a(b) and (c). A federal employee complaining of age discrimination, however, does not have to seek relief from his employing agency or the EEOC at all. He can decide to present the merits of the claim to a federal court in the first instance.

*Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6, 111 S. Ct. 1562, 1566 (1991).

Thus, a governmental ADEA plaintiff must base his lawsuit on either § 633a(b) and (c)(administrative remedies) or § 633a(d)(direct action). However, the plaintiff must comply with requirements applicable to each avenue of relief. In order for a plaintiff to file suit based on § 633a(b) and (c), he must exhaust his administrative remedies. *Anderson v. Tennessee Valley Auth.*, No. 92-5811, 1993 WL 113730, *8 (6th Cir. Apr. 13, 1993). As part of this requirement, the plaintiff must comply with all applicable deadlines. *Id.*; *Delaney v. Potter*, No. 3:06-0065, 2006 WL 2469380, *8 (M.D. Tenn. Aug. 24, 2006); *Ivey v. Rice*, 759 F.Supp. 394, 400 (S.D. Ohio 1991).

Alternatively, a plaintiff can file suit in federal district court under 29 U.S.C. § 633a(d). Moreover, even if a plaintiff has already begun pursuing administrative remedies, he need not exhaust those remedies prior to filing suit. *Langford v. U.S. Army Corp. Of Eng'rs*, 839 F.2d 1192,

1193 (6th Cir. 1988).  However, no claim can be based on § 633a(d) "until the individual has given

the Commission not less than thirty days' notice of an intent to file such action.  Such notice shall

be filed within one hundred and eighty days after the alleged unlawful practice occurred." 29 U.S.C.

§ 633a(d).

In light of those requirements, Permoda must either establish that he exhausted his

administrative remedies or, alternatively, that he gave the Commission not less than thirty days'

notice of an intent to file this action and that such notice was within one hundred and eighty days of

the alleged unlawful practice.  *See Anderson*, 1993 WL 13730, at *8.  Because Permoda neither

exhausted his administrative remedies nor gave the EEOC notice of his intent to file this action

within one hundred and eighty days, the Court must dismiss his claim.

As previously stated, a plaintiff must comply with all applicable filing deadlines before he

or she can be said to have exhausted his administrative remedies.  Relevant to the present case, "[a]n

aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter

alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date

of the action." 29 C.F.R. § 1614.105(a)(1).  In his complaint, Permoda alleges discriminatory acts

between February 2002 and September 2004.  In fact, September 2004 was the last month that

Permoda worked for Defendant.  However, Permoda did not make contact with an EEO counselor

until April 1, 2005 – a period well over 45 days after the last date of the alleged discrimination.

In response, Permoda alleges that the 45 day time period should be extended under 29 C.F.R.

§ 1614.105(a)(2), which allows for an extension when:

> the individual shows that he or she was not notified of the time limits and was not otherwise
> aware of them, that he or she did not know and reasonably should not have known that the
> discriminatory matter or personnel action occurred, that despite due diligence he or she was

prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the commission.

Permoda is unable, however, to put forward any evidence creating a genuine issue of material fact that one of the above justifications is applicable to him.

First, Permoda claims that he was not notified of the time limits or otherwise aware of them. Because there were postings concerning EEO regulations in two separate areas of the Muskegon tower, both of which were readily accessible by Permoda, this argument fails.  Second, Permoda alleges that he did not become aware of the discriminatory acts until February 27, 2005, when he made the connection between his medical problems and the discriminatory environment.  However, the time period began to run at the time Permoda became aware of the discriminatory acts themselves.  This "is so even though one of the *effects* of the [discriminatory act] . . . did not occur until later." *Delaware State College v. Ricks*, 449 U.S. 250, 258 (1980).  Permoda has put forward no evidence proving that he was unaware of the discriminatory acts themselves until February 27, 2005.  Thus, Permoda knew, or reasonably should have known, of the discriminatory acts upon their occurrence.

Third, Permoda alleges that the continuing violation theory excuses his failure to comply with the 45 day rule.  The continuing violation theory states that "where there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Haithcock v. Frank*, 958 F.2d 671, 677 (1992).  Since Permoda's complaint focuses only on discrimination occurring through September 2004, he does not allege even one discriminatory act occurring within the limitations period (45 days before April 1, 2005).  Thus, the continuing violation theory does not save Permoda's claim.

Additionally, Permoda puts forward no evidence that despite his due diligence he was prevented by circumstances beyond his control from contacting the counselor within the 45 day time limit.

Because Permoda did not contact an EEO counselor within 45 days of the last discriminatory act, or qualify under the criteria for an extension, he failed to exhaust his administrative remedies. Therefore, he can not file suit based on 29 U.S.C. § 633a(b) and (c).  Although he did not exhaust his administrative remedies, Permoda could still file suit under § 633a(d).  However, as previously discussed, § 633a(d) required Permoda to provide notice to the EEOC of his intent to file suit within one hundred and eighty days after the alleged unlawful practice occurred.  Because Permoda failed to notify the EEOC of his intent to file suit within one hundred and eighty days of the last discriminatory act (September 2004), he failed to satisfy § 633a(d)'s notice requirement.[1]  Therefore, Permoda is unable to satisfy either of the ADEA's alternative prerequisites to filing suit.

### Conclusion

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment.


Dated:  September 21, 2007                         /s/ Gordon J. Quist

                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE

---

[1]Because the Court is dismissing Permoda's claim for failing to comply with the ADEA's prerequisites to filing suit, the Court will not address Defendant's second argument that the ADEA did not abrogate the government's sovereign immunity for retaliation claims.